### James Leslie v. O. F. Reed et al.

1. PRACTICE—*Insufficient Notice to Place a Cause upon the Trial Calendar.*—Notice that a cause will be placed on the trial calendar, served on a person who is not shown by the affidavit to be in the employ of the solicitors of the opposite party, nor that she, either directly or indirectly, represented them, is wholly insufficient under rule 5 of the Superior Court.

2. MECHANICS' LIENS—*Insufficient Petition.*—A petition for a mechanic's lien which fails to allege the making of any contract for the repairs by the petitioners, either with the owner or with the original contractor, which states no time within which the work was to be completed, and no time of payment, and does not show directly that the repairs were ever made by any one, does not justify the entry of a decree fixing a lien upon the described premises.

3. SAME—*Several Petitioners Filing Separate Claims Under Separate Contracts.*—A petition is improperly framed where each of the petitioners files a separate claim setting up a separate and independent contract, and calling for a certain sum of money due to him individually, and not to the petitioners jointly.

**Petition for a Mechanic's Lien.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed March 19, 1903.

STORY, RUSSELL & STORY, attorneys for plaintiff in error.

S. C. SPITZER, attorney for defendants in error.

November 11, 1897, defendants in error filed a petition

for a mechanic's lien against plaintiff in error.   After describing the premises upon which the repairs were made in June of 1897, the petition states :

" That on or about the said last mentioned date the said James Leslie, by John W. McGraw, his agent, made and entered into a verbal contract with one Robert Adams, who is also made defendant to this petition, in and by which the said Robert Adams contracted and agreed to furnish all material necessary and all labor, and to make for said James Leslie upon the real estate hereinbefore described, certain necessary repairs; that the further conditions and terms of said contract are unknown to your petitioners.   Your petitioners further represent that the said repairs were actually made on said above described premises, and the same constitutes a constant and valuable improvement on the said premises, and the said repairs were fully completed and accepted by the defendant on or before July 17, A. D. 1897, as a complete performance by your petitioners of all the said contract on their part to be performed."

Then follows an allegation of non-payment of the sum of $50.62 due on said contract, " by reason whereof," etc. The remainder of such petition is in the usual form.

The answer of Leslie denied every allegation of the petition.   March 22, 1898, the solicitors for the petitioners attempted to serve a notice upon the solicitors for Leslie, that they would place said cause " upon the next chancery calendar."   This notice was indorsed :   " Served the above notice by serving a copy upon Miss D. Bethune at 1244 Unity Bldg."   Signed and sworn to by " W. W. Kerr."

Upon filing this notice March 24, 1898, the case was placed upon the next trial calendar.   When the cause was reached for the trial at the October term, 1898, of the Superior Court, the petitioners were present by their solicitors, but no one appeared for Leslie.   In proving up their claim each of the petitioners put in evidence a statement of claim for a lien, in each of which a separate contract between that petitioner and the original contractor is set up, and the doing of the work thereunder by that individual petitioner is alleged.   The amount due O. F. Reed, as set forth in his claim for lien, is $21.68; and the amount

due O. P. Reed, as set forth in his claim, is $28.94. The petitioners took a decree for these two sums. During the same term Leslie moved the court to set aside the decree and to grant a rehearing of said cause, and asked that such motion be placed upon the contested motion calendar for hearing. Affidavits were filed in support of this motion, to the effect that Leslie was a non-resident and had no knowledge that the case had been put upon the trial call until after the decree was entered; that no notice to put such cause upon the trial call had ever been served upon any of the attorneys of Leslie; that Leslie had paid the original contractor in full, without any notice of said claim; and that Leslie had a good and perfect defense to said suit upon the merits. Rule 5 of the Superior Court, relating to the placing of cases upon the chancery trial calendar was put in evidence. With this motion the solicitor of Leslie presented to the court the written stipulation of opposing counsel, that said motion might be entered of record and continued to the next term. The court granted this request, and wrote upon the face of this stipulation the words, "enter Brentano," as a direction to the clerk of his court.

When this motion was called up for disposal during the next term, the court denied the same and each and every part thereof. From these rulings this writ of error was prosecuted.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This case was placed on the trial calendar pursuant to rule 5 of the Superior Court, which requires notice of such intended action to be given to the other party. To make the notice effective, that rule must be followed with reasonable strictness, and evidence thereof, either by admission of service or by affidavit of service, must be presented to the court at the time of the hearing of the motion. Confessedly the notice put in evidence was not accepted by the solicitors for Leslie. The affidavit indorsed shows that it was served on "Miss D. Bethune at

Leslie v. Reed.

1244 Unity Bldg." Who she is, is not shown. There is no statement in the affidavit that she then was in the employ of such solicitors, or that she, either directly or indirectly, represented them. Nor is there anything to show that such solicitors then had offices in the "Unity Bldg." These same solicitors by affidavit deny that they or any of them were served with this notice, and deny that they or any of them knew, or had any reason to know, that such case was on the trial calendar until after the decree was entered herein. The rights of parties can not be thus cut off, nor can their counsel be thus saddled with responsibilities that may ruin them. The alleged proof of service of this notice is wholly insufficient, and said cause was improvidently placed on the trial calendar.

The petition filed in this cause is fatally defective. It fails to allege the making of any contract for such repairs by the petitioners, either with the owner or with the original contractor. It states no time within which the work was to be completed. It alleges no time of payment. It does not state who made these repairs. There is no direct allegation that these repairs were ever made by any one. Wanting these particulars, the petition does not justify the entry of a decree fixing a lien upon the described premises.

Nor are petitioners aided by the recitals in the decree. The allegation therein that "complainants, to maintain upon their part the issues raised by the pleadings in the case, offered and gave in evidence oral proof tending to sustain each and every one of the allegations of their said bill of complaint," is not a statement of facts found by the court, but is a conclusion of law, which in and of itself forms no basis for the decree. The evidence, so far as it is recited in detail, goes no further than to support the uncertain and insufficient allegations of the petition.

Further, the evidence as to the statements of claim for lien shows that the petition is improperly framed. Each of the petitioners filed a separate claim. Each set up a separate and independent contract. Each called for a certain sum of money due to him individually, and not to the

petitioners jointly. The decree adds these two separate sums and gives a joint lien for the total amount.

The decree of the Superior Court is reversed and the cause is remanded.